# Case Management Standing Order
# Magistrate Judge Maria-Elena James

San Francisco, Courtroom B, 15th Floor
Rose Maher, Courtroom Deputy (415) 522-4708

**FILED**
OCT 30 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1. All motions (except criminal duty matters) are heard on Thursdays at 10:00 a.m. and shall be noticed pursuant to the Northern District's local rules. Parties may confirm availability at http://www.cand.uscourts.gov and direct any scheduling questions to the courtroom deputy.

2. Discovery disputes are governed by Magistrate Judge James' Discovery Standing Order, which is available at http://www.cand.uscourts.gov and at the Clerk's Office.

3. Counsel shall meet and confer prior to the Case Management Conference and file a joint statement no later than seven days prior to the conference. The statement shall address the information contained in the Standing Order for All Judges of the Northern District of California, which is available http://www.cand.uscourts.gov and at the Clerk's Office.

4. In civil cases, the parties shall file their written consent to proceed before a magistrate judge or request for reassignment to a district judge as soon as possible. If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion. In no event shall the consent or declination be filed later than the deadlines specified in Civil Local Rule 73-1.

5. The parties <u>shall not</u> submit chambers copies, with the exception of documents that (1) are related to a pending motion and/or discovery dispute <u>and</u> (2) exceed 10 pages when combined. (Thus, for example, if there is a twenty-page stipulation and proposed order, no chambers copy is required.) For these documents only, the submitting party must comply with the timing requirements in Civil Local Rule 5-1(e)(7). All chambers copies must be double-sided when possible and include (1) the running header created by the ECF system at the top of each page, and (2) exhibits, if any, that are clearly delineated with tabbed dividers. These printed copies shall be marked "Chambers Copy" and submitted to the <u>Clerk's Office</u> (not chambers), in an envelope marked with "Magistrate Judge James," the case number, and "Chambers Copy."

6. Any proposed order in a case subject to electronic filing shall be emailed in Word or Wordperfect format to mejpo@cand.uscourts.gov. This address is to be used only for proposed orders unless otherwise directed by the Court. No chambers copy of a proposed order is required.

Dated: January 14, 2013

_____
Maria-Elena James
United States Magistrate Judge

# Discovery Standing Order
## Magistrate Judge Maria-Elena James

San Francisco, Courtroom B, 15th Floor
Rose Maher, Courtroom Deputy (415) 522-4708

This standing order informs all parties of the discovery procedures for cases assigned to Magistrate Judge Maria-Elena James or referred for purposes of discovery. This Order addresses all case-related discovery, including that which involves non-parties, and therefore applies whether or not an individual or entity is named in the complaint. Failure to abide by this Standing Order may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f) and Civil Local Rule 37-3.

1. Parties shall propound disclosures and discovery in accordance with Federal Rules of Civil/Criminal Procedure and the corresponding Civil/Criminal Local Rules for the Northern District of California. A copy of the Local Rules is available at http://www.cand.uscourts.gov and at the Clerk's Office.

2. No motions to compel shall be considered. Instead, the parties must meet and confer in person for the purpose of resolving all disputes. If unable to resolve any disputes, the parties shall draft and file a jointly-signed letter that contains the following:

    (a) A cover page with the case caption, an attestation that the parties met and conferred in person in a good faith attempt to resolve their dispute(s) prior to filing the letter, and the signature of both parties or counsel;
    (b) A joint section setting forth the unresolved dispute, any pertinent factual background, and requested relief; and
    (c) Each party's position, including citations to relevant legal authority.

    The joint letter shall be limited to five pages, excluding the cover page, and may not be accompanied by exhibits or affidavits other than exact copies of interrogatories, requests for production of documents and/or responses, privilege logs, and relevant deposition testimony. It is preferable that the parties file a separate letter for each dispute.

3. In the event that the parties are unable to meet and confer as directed above, or a moving party is unable to obtain the opposing party's portion of a joint letter after the meet and confer session, the moving party shall file a written request for a telephonic conference for the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an alternative procedure. The written request shall include a declaration which states any attempt to meet and confer and/or obtain the joint letter, the reasons for the inability to comply with the standing order, and (if possible) three dates and times during which all parties are available for a telephonic conference. The moving party may attach exhibits to the declaration, but the declaration and exhibits combined may not exceed seven pages. The Court will not excuse a party from the requisite in-person meeting unless good cause is shown.

4. In the event that the parties are participating in a deposition or a site inspection and a dispute arises, the parties may contact the courtroom deputy, Rose Maher, to inquire whether Magistrate Judge James is available to address the dispute telephonically. In the event she is unavailable, the parties shall follow the procedures for requesting a telephonic conference as set forth in paragraph 3 above. In such a case, the deposition or site inspection shall proceed with objections noted for the record.

5. No motion for sanctions may be filed until after the moving party has complied with the requirements of paragraphs 2 and 3 above. Motions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-3.

6. The parties shall comply with Civil Local Rule 6 regarding any requests to change time.

7. Pursuant to Civil Local Rule 11-4(c), with the exception of communication with the courtroom deputy regarding scheduling, no party may contact the Court ex parte without prior notice to the opposing party. All communications or questions to the Court shall be presented in writing, properly filed, and include a certification that all parties were served.

8. The parties shall not submit chambers copies, with the exception of documents that exceed ten pages when combined. For these documents only, the submitting party must comply with the timing requirements in Civil Local Rule 5-1(e)(7). All chambers copies must be double-sided when possible and include (1) the running header created by the ECF system at the top of each page, and (2) exhibits, if any, that are clearly delineated with tabbed dividers. These printed copies shall be marked "Chambers Copy" and submitted to the Clerk's Office (not chambers), in an envelope marked with "Magistrate Judge James," the case number, and "Chambers Copy."

**IT IS SO ORDERED.**

Dated: January 14, 2013

Maria-Elena James
United States Magistrate Judge

## STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.
2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.
3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.
4. Motions: All prior and pending motions, their current status, and any anticipated motions.
5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.
6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.
7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.
8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.
9. Class Actions: If a class action, a proposal for how and when the class will be certified.
10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

*Effective date: July 1, 2011 (Last Revised November 27, 2012)*

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.